UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>SAMUEL BOYNES. | No. 15-cr-581-WJM<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion filed *pro se* by Defendant Samuel Boynes ("Defendant") for the appointment of counsel to assist him in pursuing possible remedies based on the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 26. The Government opposes the motion. ECF No. 29. For the reasons set forth below, the motion is **DENIED**.

I.   **BACKGROUND**

On November 10, 2015, Defendant pleaded guilty to an Information charging him with the following two counts: possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 16, 18. On May 6, 2016, this Court sentenced Defendant to 100 months of imprisonment on each count, with all terms to run concurrently, followed by three years of supervised released. ECF Nos. 20, 21. Defendant is incarcerated at FCI McKean. ECF No. 19.

Although Defendant agreed to waive his right to appeal and to collaterally attack the conviction and sentence when he accepted the plea agreement, Defendant filed a 28 U.S.C. § 2255 motion for post-conviction relief on June 29, 2017. *See* ECF No. 18 at 3, 6, 7; *Boynes v. Unites States*, No. 17-4895 (WJM) (ECF No. 1, June 29, 2017). This Court denied Defendant's motion as time-barred. *Boynes*, No. 17-4895 (WJM) (ECF Nos. 8, 9, Nov. 13, 2017).

II.   **DISCUSSION**

Defendant requests that the Court appoint him counsel to help him challenge his § 922(g)(1) conviction on the grounds that the Government failed to establish that he knew he had the status of a convicted felon who was barred from possessing a firearm. Def. Mot. at 1-2, ECF No. 26. Defendant points to the Supreme Court's 2019 decision in *Rehaif*, in which the Court held that in a prosecution under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm *and* that he knew he belonged to the

1

relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).

The Government argues that Defendant's request for counsel is premature and that any motion for relief based on *Rehaif* is speculative. Gov't Opp'n Br. at 1-2, ECF No. 29. This Court agrees.

Defendant presumably intends to file a second motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Defendant possesses neither a constitutional nor a statutory right to the appointment of counsel in habeas proceedings. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). The Court may, however, appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In making a determination, the Court "must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263-64.

Here, for purposes of resolving the instant motion, Defendant's claim for relief under *Rehaif* lacks arguable merit. The Court is guided by the Third Circuit's recent decision in *In re Sampson*, 954 F.3d 159 (3d Cir. 2020). There, the Third Circuit found that *Rehaif* could not serve as a petitioner's basis for filing a second or successive § 2255 motion because *Rehaif* did not create a new rule of constitutional law and was not made retroactive to cases on collateral review by the Supreme Court. *In re Sampson*, 954 F.3d at 161, n.3; *see* 28 U.S.C. § 2255(h)(2).

District courts have applied similar reasoning to a petitioner's initial § 2255 motion. Courts have found that a § 2255 motion filed outside one year of the date on which the judgment of conviction became final but within one year of the issuance of *Rehaif* is nonetheless time-barred under § 2255(f)(3) because *Rehaif* does not apply retroactively to cases on collateral review. *See United States v. Battle*, No. 20-695, 2020 WL 4925678, at *5 (W.D. Pa. Aug. 21, 2020); *United States v. Rushton*, No. 18-329, 2020 WL 4734720, at *2 (N.D. Ohio Aug. 14, 2020); *Chavez v. United States*, No. 09-00504, 2020 WL 4430381, at *3 (D.N.M. July 31, 2020) (collecting cases). Here, Defendant's conviction became final in May of 2016 and he had one year, or until May of 2017, to seek habeas corpus relief. He filed the instant motion, but not a § 2255 motion, on June 11, 2020, within one year of the issuance of *Rehaif*. Because *Rehaif* does not apply retroactively to cases on collateral review, Defendant's anticipated motion under § 2255, to the extent it is not consider a second or successive motion, would be time-barred.

Accordingly, Defendant's claim for relief under *Rehaif* lacks arguable merit. The appointment of counsel here would not be in the interests of justice. The Court will deny Defendant's motion.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for the appointment of counsel, ECF No. 26, is **DENIED**. An appropriate Order follows.

                                                  WILLIAM J. MARTINI, U.S.D.J.

**Date: November 12, 2020**