## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**SAMUEL BOYNES.** | No. 15-cr-581-WJM<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court by way of letter filed September 15, 2020, by *pro se* Defendant Samuel Boynes ("Defendant"). ECF No. 27. Defendant asks this Court to adjust the Bureau of Prisons' ("BOP") calculation of his jail credits.[1] *Id.* The Government takes no position on Defendant's request and defers to BOP's response summarized herein. ECF No. 30. For the reasons set forth below, Defendant's request is **DENIED**.

Defendant was arrested on June 15, 2015, and detained in state custody through June 9, 2016, on which date he was committed to federal custody at FCI McKean. ECF No. 27 at 3-4. On November 10, 2015, Defendant pleaded guilty to an Information charging him with the following two counts: possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 16, 18. On May 6, 2016, Defendant appeared before this Court via a writ of habeas corpus for a sentencing hearing. ECF Nos. 19, 20. This Court sentenced Defendant to 100 months of imprisonment on each count, with all such terms to run concurrently, followed by three years of supervised released. ECF Nos. 20, 21. Defendant was sentenced in state court on other criminal charges on a date shortly thereafter.

In his letter, Defendant argues that this Court granted him 326 days [of] prior jail credits at his sentencing hearing, but that BOP erroneously removed these credits and applied them to his state sentence. ECF No. 27 at 1. Defendant claims that BOP's "clerical error" has extended his projected release date by a year. *Id.*

Prior to filing the instant letter request with the Court, Defendant pursued some of the administrative remedies available to him at FCI McKean. *See* ECF No. 27 at 7-8.

---

[1] While Defendant filed his letter request to the criminal docket, this type of claim is formally raised in a § 2241 habeas petition. *See Cabada v. Zickefoose*, 432 F. App'x 161, 163 (3d Cir. 2011) (noting that the District Court had jurisdiction under § 2241(a) on petitioner's claim that BOP miscalculated jail time credits).

1

BOP's written response to Defendant explains that Defendant was in the primary custody of the State of New Jersey prior to and after his federal sentencing on May 6, 2016; that New Jersey Superior Court sentenced Defendant on June 21, 2016, and awarded his jail credits to his state sentence; and that the jail credits cannot also be awarded toward his federal sentence under 18 U.S.C. § 3585(b). ECF No. 27 at 9. The statute prohibits double credit awards. 18 U.S.C. § 3585(b). Indeed, the Sentence Monitoring Computation Data sheet of February 12, 2019, attached to Defendant's letter reflects BOP updated Defendant's credit computation on August 22, 2016, and removed the 326 credits based on the State's Judgment and Commitment Order. ECF No. 27 at 3-4.

Finally, as to Defendant's claim that this Court awarded him jail credits at his sentencing hearing, the Court's recollection of the hearing is that Defendant's counsel understood Defendant would not receive jail credits for this offense. The Court sees no reason to disturb BOP's calculation and award of Defendant's jail credits to his state sentence.

Accordingly, Defendant's request that the Court adjust BOP's calculation of his jail credits, ECF No. 27, is **DENIED**. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: November 12, 2020**